BRYAN H. HECKENLIVELY (State Bar No. 279140)
bryan.heckenlively@mto.com
SKYLAR B. GROVE (State Bar No. 310707)
skylar.grove@mto.com
MILES W. UNTERREINER (State Bar No. 347959)
miles.unterreiner@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street Twenty-Seventh Floor
San Francisco, California 94105
Telephone:     (415) 512-4000
Facsimile:     (415) 512-4077

Attorneys for Defendants The Regents of the
University of California, Sam Hawgood,
Catherine Lucey, Robert Wachter, Won Ha,
Tracey Tsugawa, and Brian Alldredge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUPA MARYA, M.D.,<br><br>            Plaintiff,<br><br>     vs.<br><br>BOARD OF REGENTS OF THE UNIVERSITY OF CALIFORNIA; SAM HAWGOOD; CATHERINE LUCEY; ROBERT WACHTER; TRACY TSUGAWA; BRIAN ALLDREDGE; WAN HA; AND DOES 1-20,<br><br>            Defendants. | Case No. 3:25-cv-04716-MMC<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**<br><br>Date:        January 30, 2026<br>Time:       9:00 a.m.<br>Judge:      Hon. Maxine M. Chesney<br>Courtroom: 7 |

# INTRODUCTION

Defendants respectfully request that the Court take judicial notice of the following documents:

**Exhibits A–M** to the Declaration of Claire Grote ("Grote Declaration") filed in support of Defendants' Motion to Dismiss, which are properly subject to judicial notice under Federal Rule of Evidence 201(b):

- **Exhibit A** to the Grote Declaration ("APM 137"), which is a true and correct copy of subdivision 137 of the University of California's ("UC's" or the "University's") Academic Personnel Manual, or APM, publicly available online at https://ucop.edu/academic-personnel-programs/_files/apm/apm-137.pdf;

- **Exhibit B** to the Grote Declaration ("APM 278"), which is a true and correct copy of subdivision 278 of the APM, publicly available online at https://ucop.edu/academic-personnel-programs/_files/apm/apm-278.pdf;

- **Exhibit C** to the Grote Declaration (the "Reappointment Notice"), which is a true and correct copy of a July 1, 2024 notice reappointing Marya as a Health Sciences Clinical Professor for a one-year term from July 1, 2024 through June 30, 2025;

- **Exhibit D** to the Grote Declaration ("APM 015"), which is a true and correct copy of subdivision 015 of the APM, publicly available online at https://www.ucop.edu/academic-personnel-programs/_files/apm/apm-015.pdf;

- **Exhibit E** to the Grote Declaration ("APM 150"), which is a true and correct copy of subdivision 150 of the APM, publicly available online at https://www.ucop.edu/academic-personnel-programs/_files/apm/apm-150.pdf;

- **Exhibit F** to the Grote Declaration (the "UCSF Faculty Misconduct Procedures"), which is a true and correct copy of a document describing UCSF's procedures for investigating faculty misconduct, publicly available online at https://facultyacademicaffairs.ucsf.edu/academic-personnel/misconduct-grievances-and-performance-management/AELR-Procedure-for-the-Investigation-of-Faculty-Misconduct-and-the-Administration-of-Discipline-v.3.1.23.pdf;

- **Exhibit G** to the Grote Declaration (the "Faculty Misconduct Flowchart"), which is a true and correct copy of a flowchart representing, at a general level, UCSF's process for investigating faculty misconduct, publicly available online at https://facultyacademicaffairs.ucsf.edu/academic-personnel/misconduct-grievances-and-performance-management/Faculty-Misconduct-Investigation-Process.pdf;

- **Exhibit H** to the Grote Declaration ("APM 140"), which is a true and correct copy of subdivision 140 of the APM, publicly available online at https://www.ucop.edu/academic-personnel-programs/_files/apm/apm-140.pdf;

- **Exhibit I** to the Grote Declaration ("Senate Bylaw 337"), which is a true and correct copy of a bylaw concerning the procedure for a hearing before the University's Academic Senate, publicly available online at https://senate.universityofcalifornia.edu/bylaws-regulations/bylaws/blpart3.html#bl337;

- **Exhibit J** to the Grote Declaration ("Chancellor's Notice"), which is a true and correct copy of a September 22, 2024 notice from UCSF's Chancellor notifying Marya that she was being placed on investigatory leave with pay;

- **Exhibit K** to the Grote Declaration (the "Notice of Intent to Impose Discipline"), which is a true and correct copy of an April 28, 2025 notice from UCSF's Chancellor concerning proposed discipline against Marya;

- **Exhibit L** to the Grote Declaration (the "Notice of Action"), which is a true and correct copy of a May 20, 2025 notice from UCSF's Chancellor notifying Marya that her faculty appointment was thereby terminated;

- **Exhibit M** to the Grote Declaration (the "Letter of Censure"), which is a true and correct copy of a letter censuring Marya.

The Court should also judicially notice **Exhibit F** to the Declaration of Bryan H. Heckenlively ("Heckenlively Declaration") filed in support of Defendants' Motion to Dismiss. Exhibit F—Regents Policy 4403: Statement of Principles Against Intolerance—is a true and correct copy of a UC policy publicly available at the web address listed in the Heckenlively

Declaration, and is judicially noticeable under Federal Rule of Evidence 201(b).

Additionally, the Court may consider **Exhibits A–E** to the Heckenlively Declaration under the incorporation by reference doctrine:

- **Exhibit A** to the Heckenlively Declaration (the "September 2024 Social Media Post"), which is a true and correct copy of a publicly available September 2024 social media post by California State Senator Scott Wiener, referenced at paragraph 50 of the Complaint ("Complaint" or "Compl.") and containing a tweet authored by Marya;

- **Exhibit B** to the Heckenlively Declaration ("Marya's January 2 Social Media Thread"), which is a true and correct copy of a publicly available social media thread posted by Marya and referenced at paragraph 38 of the Complaint;

- **Exhibits C–E** to the Heckenlively Declaration ("UCSF's January 6 Social Media Posts"), which are true and correct copies of January 6, 2024 social media posts by UCSF, excerpts of which are quoted at paragraph 42 of the Complaint.

## ARGUMENT

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court may "consider certain materials—[1] documents attached to the complaint, [2] documents incorporated by reference in the complaint, or [3] matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). To the extent the exhibits to the Grote Declaration and Exhibit F to the Heckenlively Declaration support Defendants' motion to dismiss under Rule 12(b)(6), this Court should grant judicial notice of the documents. Separately and independently, the Court should consider Exhibits A–E to the Heckenlively Declaration as incorporated by reference in the Complaint.

To the extent any Exhibit supports Defendants' factual attack on standing pursuant to Rule 12(b)(1), no judicial notice is necessary. "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment," including "'affidavits or other evidence properly brought before

the court.'" *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citation omitted).

## I. The Court Should Take Judicial Notice of Exhibits A Through M to the Grote Declaration and Exhibit F to the Heckenlively Declaration

Pursuant to Federal Rule of Evidence 201(b), the Court may take judicial notice of any fact that "is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). As federal courts in California have consistently recognized, the category of judicially noticeable documents includes the administrative documents, policies, and websites of public entities, including the University.

The Court should accordingly grant judicial notice of Exhibits A through M to the Grote Declaration, and Exhibit F to the Heckenlively Declaration.

### 1. Exhibits A Through M to the Grote Declaration Are Judicially Noticeable as Official Acts of the University

Exhibits A through M to the Grote Declaration are judicially noticeable as official acts of the University. "Proper subjects of judicial notice when ruling on a Rule 12 motion" include "records of state agencies." *Minor v. FedEx Off. & Print Servs., Inc.*, 78 F. Supp. 3d 1021, 1027 (N.D. Cal. 2015). This includes official notices and letters, *see Collins v. Wal-Mart Stores, Inc.*, No. 3:23-CV-01368-RBM-DEB, 2024 WL 56993, at *4 (S.D. Cal. Jan. 4, 2024), as well as "decisional documents from plaintiff's state administrative proceeding," *King v. Cal. Dep't of Water Res.*, 561 F. Supp. 3d 906, 909–10 (E.D. Cal. 2021); *see Ermels v. Shoreline Sch. Dist.*, 220CV00893RAJBAT, 2022 WL 4348577, at *4 (W.D. Wash. Mar. 24, 2022).

The "University [of California] is a statewide administrative agency," *Morgado v. Regents of Univ. of Cal.*, No. C 13–1318 MEJ, 2013 WL 2252115, at *11 n.3 (N.D. Cal. May 22, 2013) (citation omitted), and communications from UC articulating official UC decisions qualify as official acts, *see Berman v. Regents of Univ. of Cal.*, 229 Cal. App. 4th 1265, 1271 n.4 (2014) (taking judicial notice of letter sent from UC to plaintiff student, informing him of executive vice

chancellor's decision to hold his degree until resolution of pending student conduct process).[1]  The Court should accordingly take judicial notice of Exhibits A through M to the Grote Declaration as official acts of UC.  Each of them is either an official policy of the University of California (Exhibits A, B, D, E, F, G, H, and I), or official communications or decisional documents in Marya's case (Exhibits C, J, K, L, M).

### 2. Exhibits A, B, and D–I to the Grote Declaration Are Judicially Noticeable as Publicly Available Government Documents

Separately and independently, Exhibits A, B, and D–I to the Grote Declaration are judicially noticeable because they are documents publicly available on UC websites and not subject to reasonable dispute.  District courts in California routinely take judicial notice of University policies, University documents publicly available on University websites, and similar documents on the websites of other public entities.  *See Karasek v. Regents of Univ. of Cal.*, No. 3:15-CV-03717-WHO, 2018 WL 1763289, at *1 n.1 (N.D. Cal. Apr. 12, 2018) (taking judicial notice of, among other things, "Berkeley's Interim Sexual Misconduct Policy"); *Lopez v. Regents of Univ. of Cal.*, 5 F. Supp. 3d 1106, 1113 n.4 (N.D. Cal. 2013) (taking judicial notice of "various webpages from the University of California website relating to the reporting of sexual harassment"); *Clifford v. Regents of Univ. of Cal.*, No. 2:11-CV-02935-JAM, 2012 WL 1565702, at *5 (E.D. Cal. Apr. 30, 2012) (taking judicial notice of "the UC Davis Office of the Registrar's Class Schedule and Registration Guide for Winter Quarter 2009" from public website); *see also*

---

[1] Similarly, California Evidence Code § 452(c) authorizes judicial notice of "[o]fficial acts of the legislative, executive, and judicial departments . . . of any state of the United States."  "[I]ncluded in 'executive' acts are those performed by administrative agencies."  *Scott v. JPMorgan Chase Bank, N.A.*, 214 Cal. App. 4th 743, 752–53 (2013) (citation omitted).  Federal district courts in California have held that they may take judicial notice of the same official acts covered by California Evidence Code § 452(c).  *See, e.g.*, *Winding v. Wells Fargo Bank, N.A.*, No. CV F 11–0555 AWI SKO, 2011 WL 2552523, at *2 (E.D. Cal. June 27, 2011) (recognizing this practice and, pursuant to California Evidence Code § 452(c), taking judicial notice of official acts of several federal agencies); *McDonald v. Wells Fargo Bank, N.A.*, No. CV 13-02334-KAW, 2013 WL 6512881, at *4 (N.D. Cal. Dec. 12, 2013) (same).  Judicial notice in these circumstances is consistent with Federal Rule of Evidence 201(b); such facts "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned" and are thus "not subject to reasonable dispute."  Fed. R. Evid. 201(b)(2).

*Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010) (considering information "displayed publicly on the respective web sites of the South Kitsap and El Dorado School Districts" and noting that "[i]t is appropriate to take judicial notice of this information, as it was made publicly available by government entities (the school districts), and neither party disputes the authenticity of the web sites or the accuracy of the information displayed therein.").

Exhibits A, B, and D through I to the Grote Declaration are University policies and procedures, available for the public to view online at the web addresses listed at pages 1–2, *supra*, and are accordingly subject to judicial notice under Rule 201.

### 3. Exhibit F to the Heckenlively Declaration Is Judicially Noticeable for the Same Reason

For the same reasons explained in Sections I(1)-(2), *supra*, the Court should take judicial notice of Exhibit F to the Heckenlively Declaration.  Exhibit F—Regents Policy 4403: UCSF's Statement of Principles Against Intolerance—is an official act of the University and is publicly available online at the address listed in the Heckenlively Declaration.  It is therefore properly subject to judicial notice under Rule 201.

## II. The Court Should Consider Exhibits A–E to the Heckenlively Declaration Incorporated by Reference in the Complaint

"[I]n order to 'prevent plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting . . . documents upon which their claims are based,' a court may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned.'" *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (brackets and citation omitted, ellipses in original).  The Court should consider Exhibits A through E to the Heckenlively Declaration, which are social media posts paraphrased or quoted in the Complaint and on which the Complaint relies, as incorporated by reference in the Complaint.

**Exhibit A** to the Heckenlively Declaration is a true and correct copy of a September 2024 Twitter post by California State Senator Scott Wiener.  The post criticizes and contains a social media post by Marya.  Marya's Complaint cites both Wiener's criticism and Marya's original post (Compl. ¶ 50); explains the content of and motivation for Marya's post (*id.* ¶¶ 48–49); claims that

1   after Marya's post and Wiener's criticism, UCSF suspended Marya and placed her on leave (*id.* ¶¶
2   51, 54); and alleges a claim for retaliation against Marya's speech, relying on (among other things)
3   "[a]ll of Dr. Marya's social media posts and other statements described above." *Id.* ¶¶ 61–62.

4          **Exhibit B** to the Heckenlively Declaration is a true and correct copy of a January 2, 2024
5   social media thread authored by Marya, and which is publicly available online.  Marya's
6   Complaint paraphrases the January 2 thread at length, describing it as "a thread on social media
7   based on [Marya's] area of scholarly expertise examining the racist and supremacist ideologies
8   embedded in Zionism's project of colonization and its possible negative impacts on health
9   outcomes" and characterizing it as "narrowly focused on the political ideology of the Zionist
10  colonial project" and "not a criticism of Judaism or Jews."  Compl. ¶ 38.  In addition to
11  characterizing the January 2 social media thread at length, Marya's Complaint alleges that UCSF
12  posted its own social media thread on January 6 in "direct response" to Marya's January 2 thread,
13  *id.* ¶ 42; alleges that "the coordinated online attack against [Marya] by her employers" injured her,
14  *id.* ¶ 44; and alleges a claim for retaliation against Marya's speech, relying on (among other
15  things) "[a]ll of Dr. Marya's social media posts and other statements described above." *Id.* ¶¶ 61–
16  62.

17         **Exhibits C–E** to the Heckenlively Declaration are true and correct copies of social media
18  posts by UCSF on Instagram, LinkedIn, and Twitter on January 6, 2024; the content of the posts is
19  identical across all three platforms.  Marya's Complaint quotes the posts, Compl. ¶ 42; alleges that
20  the posts were in "direct response" to Marya's own January 2 social media thread, *id.* ¶ 42; alleges
21  that "the coordinated online attack against [Marya] by her employers" injured her, *id.* ¶ 44; and
22  alleges a claim for retaliation against Marya's speech, relying on (among other things) "[a]ll of Dr.
23  Marya's social media posts and other statements described above." *Id.* ¶¶ 61–62.

24         Exhibits A–E to the Heckenlively Declaration are therefore "writing[s] referenced in a
25  complaint but not explicitly incorporated therein"; the "complaint relies on the document[s]"; and
26  Marya cannot dispute their "authenticity," since the documents are publicly available and she
27  quotes or paraphrases them in her Complaint.  *Swartz*, 476 F.3d at 763.  They are accordingly
28

incorporated by reference in the Complaint, and the Court may consider them in ruling on UC's motion to dismiss under Rule 12(b)(6).

**III.   CONCLUSION**

For the foregoing reasons, this Court should grant Defendants' requests for judicial notice of Exhibits A through M to the Grote Declaration and Exhibit F to the Heckenlively Declaration, and consider Exhibits A–E to the Heckenlively Declaration as incorporated by reference, for purposes of ruling on UC's motion to dismiss under Rule 12(b)(6).

DATED:  October 10, 2025                         MUNGER, TOLLES & OLSON LLP

                                          By:    /s/ Bryan H. Heckenlively
                                                 BRYAN H. HECKENLIVELY
                                                 Attorneys for Defendants