Mark Kleiman (SBN 115919)
KLEIMAN / RAJARAM
12121 Wilshire Boulevard, Ste. 810
Los Angeles, CA 90025
Telephone: (310) 392-5455
Facsimile:  (310) 306-8491
Email: mark@krlaw.us

Jonathan D. Wallace  (NY SBN 1733537)
P.O. Box 728
Amagansett, N.Y. 11930
Telephone:  (917-359-6234
Email:  jonathan.wallace80@gmail.com
*pro hac vice admission forthcoming*

WADE MCMULLEN (NY SBN 5308747)
1901 Pennsylvania Avenue NW, Suite 900
Washington, DC 20006
Tel: (202) 649-0080
Email: wademc@protonmail.com
*pro hac vice admission forthcoming*

Attorneys for Plaintiff
RUPA MARYA, M.D.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUPA MARYA, M.D.,<br><br>Plaintiff,<br><br>vs.<br><br>BOARD OF REGENTS OF THE UNIVERSITY OF CALIFORNIA; SAM HAWGOOD; CATHERINE LUCEY; ROBERT WACHTER; TRACY TSUGAWA; BRIAN ALLDREDGE; WAN HA; AND DOES 1-20,<br><br>Defendants. | Case No.: 3:25-cv-04716-MMC<br><br>**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO DISMISS**<br><br>**Date:**       **January 30, 2026**<br>**Time:**       9:00 a.m.<br>**Judge:**      Hon. Maxine M. Chesney<br>**Courtroom:**  7 |

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................. 3

MEMORANDUM OF POINTS AND AUTHORITIES .......................................................... 5

I.    THIS COURT SHOULD NOT ABSTAIN UNDER YOUNGER .................................. 5

II.   DR. MARYA REQUESTS PROSPECTIVE RELIEF, AN EXCEPTION
TO ELEVENTH AMENDMENT IMMUNITY ............................................................. 8

III.  THE COMPLAINT STATES CAUSES OF ACTION FOR FIRST
AMENDMENT RETALIATION AND CONSPIRACY ................................................ 9

IV.  CONCLUSION ............................................................................................................. 13

## TABLE OF AUTHORITIES

**Page**

*Abels v. JBC Legal Group, P.C.*,
   434 F. Supp. 2d 763, 766 (ND Cal 2006) .................................................................... 11

*Akshar Global Invs. Corp. v City of Los Angeles*,
   2021 US Dist LEXIS 50563, at *21-22 (CD Cal Mar. 16, 2021,
   No. CV 18-4541-MWF (FFMx) .................................................................................. 4

*Arista Records, LLC v. Doe 3*,
   604 F.93d 110, 120 (2d Cir. 2010) ............................................................................. 13

*Ashmore v Regents of the Univ. of California*,
   2011 US Dist LEXIS 144388, at *10 (CD Cal Dec. 15, 2011,
   No. CV 10-09050 AHM (AGRx)) ............................................................................... 7

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) at 556-57) ............................................................................12,13

*Blair v. Bethel School Dist.*,
   608 F.3d 540 (9th Cir. 2010) .................................................................................... 10

*Boquist v. Courtney*,
   32 F.4th 764 (9th Cir. 2022) ...................................................................................9,10

*Desser v U.S. Bank, N.A.*,
   2014 US Dist LEXIS 119841, at *31-32 (CD Cal Aug. 27, 2014,
   No. CV 13-09190 DDP (CWx)) .................................................................................. 9

*Durnford v. MusclePharm Corp.*,
   907 F.3d at 603 n.8 (9th Cir. 2018) ........................................................................... 10

*Epicentrx, Inc. v Carter*,
   2023 US Dist LEXIS 116301, at *5, n 1 (SD Cal May 10, 2023,
   No. 3:20-CV-01058-JO-DDL) .................................................................................... 8

*Gilbertson v Albright*,
   381 F3d 965, 981 (9th Cir 2004) ............................................................................. 5,7

*Jensen v Brown*,
   134 F.4th 677, 691 (9th Cir. 2025) ........................................................................... 10

*Khoja v. Orexigen Therapeutics, Inc.*,
   899 F.3d 988 (9th Cir. 2018) ...................................................................................... 8

Case 3:25-cv-04716-MMC    Document 45    Filed 11/24/25    Page 4 of 13

*K.J. v Jackson,*
 127 F.4th 1239, 1251 (9th Cir 2025) .................................................................................. 8

*Pickering v. Board of Educ.,*
 391 U.S. 563 (1968)........................................................................................................... 10

*Privitera v California Bd. of Med. Quality Assur.,*
 926 F2d 890, 898 (9th Cir 1991) ....................................................................................... 7

*Romero v. Trib. Media Co.*,
 2025 US Dist LEXIS 51749 at *11 (ED Cal Mar. 19, 2025,
 No. 2:24-cv-3143 AC) ...................................................................................................... 10

*Santa Monica Nativity Scenes Comm. v. City of Santa Monica*,
 784 F.3d 1286, 1293 (9th Cir. 2015) ................................................................................. 12

*Soo Park v. Thompson*,
 851 F.3d 910, 928 (9th Cir. 2017) ..................................................................................... 13

*Stand With US Ctr. for Legal Just. v. Massachusetts Inst. of Tech.*,
 No. 24-1800, 2025 WL 2962665, at *11-12 (1st Cir. Oct. 21, 2025).................................. 11

*Tommy Alastra Prods. v McDonaugh,*
 2025 US Dist LEXIS 131432, at *8 (CD Cal July 9, 2025),
 No. 2:25-cv-01257-AB-MBK) .......................................................................................... 9

*Watison v. Carter*,
 668 F.3d 1108 (2012)......................................................................................................... 9

*Wooley v. Maynard,*
 430 U.S. 705, 711, 97 S. Ct. 1428, 51 L. Ed. 2D 752 (1977))........................................... 7

*Wooley v. Ygrene Energy Fund, Inc.,*
 2017 US Dist LEXIS 183677, at *22 (ND Cal Nov. 4 2017,
 No. 17-cv-01258-LB) ........................................................................................................ 11

*Younger v. Harris,*
 401 US 37 (1971)...............................................................................................................5,7,10

**STATUTES**

42 U.S.C. § 1983................................................................................................................,6,9,12

42 U.S.C. § 1985................................................................................................................12,13

## MEMORANDUM OF POINTS AND AUTHORITIES

In her Complaint, Plaintiff plausibly alleges with sufficient specificity that the University of California retaliated against her for her First Amendment-protected pro-Palestinian speech, by suspending her from medical practice, launching groundless investigations one after another each with its own complex rules and requirements and time-consuming preparation and hearings to justify her exercise of Constitutional rights; then finished its project of preventing her from carrying on her profession by terminating her employment and issuing a ten year letter of censure.

Defendants move to dismiss, asking this Court to grant Younger abstention, to recognize complete 11th Amendment immunity, and also alleging that the Complaint fails to state a cause of action.

### I.    THIS COURT SHOULD NOT ABSTAIN UNDER *YOUNGER*

*Younger v. Harris*, 401 US 37 (1971) is inapplicable to this case for the following reasons. First, the case does not meet the *Younger* criteria because there is no "pending" state proceeding *against* Dr. Marya (the state action brought by her would not be a basis for *Younger* abstention). Secondly, the case falls under an exception to *Younger* because it clearly asserts bad faith and harassment. Third, the Complaint asks for prospective relief, which is an exception to *Younger* as well as the Eleventh Amendment (see below).

The state proceedings, as Defendant acknowledges, are final, as they have resulted in Dr. Marya's termination. "On May 20, 2025, the Chancellor sent Dr. Marya a Notice of Action notifying her that the proposed sanctions of dismissal and a 10-year Letter of Censure were imposed effective as of that day, and that her faculty appointment was thereby terminated" (Grote Declaration, Doc. 35, Attachment 1, paragraph 21, and Exhibit L (letter terminating Dr. Marya)). *Younger* abstention criteria are not met when the state proceeding is "no longer pending", *Gilbertson v Albright,* 381 F3d 965, 981 (9th Cir 2004).

Defendants' point that Plaintiff theoretically could have brought a writ of mandamus in the state court is not well taken, given that the gravamen of the Complaint is First Amendment violations, *Akshar Global Invs. Corp. v City of Los Angeles,* 2021 US Dist LEXIS 50563, at

*21-22 (CD Cal Mar. 16, 2021, No. CV 18-4541-MWF (FFMx)) ("At this juncture, it does not appear that Plaintiffs' mandamus claim substantially predominates over their § 1983 claim").

The Complaint clearly and with requisite specificity asserts that the administrative proceedings against Dr. Marya were commenced in bad faith and as harassment: "Dr. Marya began speaking out against the genocidal campaign waged by Israel in Gaza in October 2023, posting content on social media from her expertise as a physician, public health expert, and scholar on the impact of racism and colonization on health outcomes. In response, Dr. Marya began to receive harassing messages from a UCSF colleague in her direct messages. On Saturday October 28, UCSF Executive Vice Chancellor Catherine Lucey called Dr. Marya on her day off work, interrogating Dr. Marya about her social media posts" (paragraph 31); "When Dr. Marya received similar threats for speaking out against police violence in the summer of 2020, Dr. Lucey and UCSF leadership pro-actively and quickly responded to help protect Dr. Marya's privacy in the face of threats and hate mail. From November 17 to November 28 in 2023, UCSF leadership never responded to Dr. Marya's request, during which time she was subjected to repeated harassment and threats" (paragraph 32); "The coordinated effort inside and outside UCSF to disparage, harass, and threaten Dr. Marya stood in stark contrast to UCSF's calm and tolerant silence around the very same time when UCSF was warned that Dr. Matt Cooperberg, the Urology co- Leader for the UCSF Helen Diller Family Comprehensive Cancer Center Prostate Program, had "liked" blatantly racist and genocidal posts from his social media account that dehumanized Muslims and called for the eradication of Palestinians" (paragraph 45); "Instead of conducting a serious and substantive investigation into the racist treatment, coordinated harassment, and threats against Dr. Marya, UCSF instead investigated *her*, for allegedly violating the Faculty Code of Conduct in June 2024, and produced a substantially redacted "Preliminary Investigative Report" on August 8 which appeared to place great weight on the number of faculty who were complaining, regardless of whether the Dr. Marya's statements actually violated the faculty code" (paragraph 46); "On April 22nd, 2024, UC Police Department sent a plainclothes police officer to the Emancipatory Sciences Conference Dr. Marya was invited to speak at, without notifying her or the conference director.

Students who were present asked the officer why he was there. He claimed he was there for Dr. Marya. The students reported feeling intimidated by the presence of the police officer. After the conference, Dr. Marya asked the UCPD Chief of Police why the officer was sent. He stated it was for security. Dr. Marya and the conference director asked why they were not notified before the conference of a security threat if there was one that warranted police presence" (paragraph 47).

A Court should not abstain under *Younger* where the Complaint alleges the "possibility that the balance of hardships could tip in [Plaintiff's] favor, if he has succeeded in demonstrating that the ….proceeding is a bad faith prosecution. The Court in *Younger* suggested that a prosecution brought in bad faith or for harassment could cause irreparable injury sufficient" to justify an exception to the doctrine, *Privitera v California Bd. of Med. Quality Assur.,* 926 F2d 890, 898 (9th Cir 1991).

Third, because Plaintiff seeks prospective relief (further developed below in connection with 11th amendment immunity), *Younger* does not apply, *Ashmore v Regents of the Univ. of California,* 2011 US Dist LEXIS 144388, at *10 (CD Cal Dec. 15, 2011, No. CV 10-09050 AHM (AGRx)) ("[W]here a plaintiff is seeking wholly prospective relief from enforcement that would not interfere with an ongoing state proceeding, *Younger* abstention is not appropriate", citing *Wooley v. Maynard,* 430 U.S. 705, 711, 97 S. Ct. 1428, 51 L. Ed. 2D 752 (1977)).

In the event this Court disagrees and abstains under *Younger,* dismissal is not the appropriate relief, but a stay pending completion of state proceedings, *Gilbertson v Albright, supra, at* 981 (9th Cir 2004) ("When the Supreme Court has applied abstention principles to actions at law, it has only allowed stay orders, not orders dismissing the action entirely....We believe it is prudent to adhere to this approach"). Also, a dismissal should be without prejudice and with leave to amend, *Ashmore v Regents of the Univ. of California, supra*, at *16 (CD Cal Dec. 15, 2011, No. CV 10-09050 AHM (AGRx)) (The "Court grants the arrested Plaintiffs leave to amend the FAC to request only prospective relief, i.e. against future bad faith arrests").

PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO DISMISS

## II. DR. MARYA REQUESTS PROSPECTIVE RELIEF, AN EXCEPTION TO ELEVENTH AMENDMENT IMMUNITY

Although counsel acknowledges that the Complaint could be more artfully pled, it adequately sets forth two requests for prospective relief, one for an injunction against the Letter of Censure (Exhibit M to the Grote Affidavit, supra), and the other for a declaration that distribution of the Letter of Censure to third parties prospectively harms Dr. Marya. Requests for prospective relief are an exception to Eleventh Amendment immunity, *K.J. v Jackson,* 127 F.4th 1239, 1251 (9th Cir 2025) ("The district court correctly held that expungement of information from school records was a form of prospective relief that K.J. could receive under the *Ex Parte Young* doctrine").

The Complaint's Prayer for Relief asks for: "(1) A declaratory judgment that Plaintiff's constitutional rights have been violated; (2) An order prohibiting the Regents from denying or otherwise infringing upon Plaintiff's medical staff privileges for her speech touching upon issues of public concern;  (3) An order prohibiting the defendants from publishing to any other hospital, medical center, or organized body of the medical staff any comments about Dr. Marya based upon anything other than her clinical competence". The second and third clauses clearly ask for prospective relief. This Court has discretion to interpret both 2 and 3 to include, at least in part, a bar on prospective disclosure of the Censure Letter[1] to third parties; and similarly, the first request can be construed to include a declaration that prospective distribution of the Censure Letter would infringe Plaintiff's First Amendment rights. This Court certainly has discretion to disregard such inadvertent defects in pleading, *Epicentrx, Inc. v Carter,* 2023 US Dist LEXIS 116301, at *5, n 1 (SD Cal May 10, 2023, No. 3:20-CV-01058-JO-DDL) ("Although Plaintiff does not specifically allege it seeks injunctive relief under the UCL,

---

[1] The Letter of Censure is attached as Exhibit M to the Grote Declaration in support of the Motion to Dismiss (ECF No. 35-1). The Court may take judicial notice of the Letter (the fact of its existence, not of course the fact assertions contained therein) for the purpose of deciding the present Motion to Dismiss. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988 (9th Cir. 2018).

Plaintiff does list injunctive relief in its prayer for relief... Hence, the Court construes the injunctive relief listed in the prayer for relief as a request for an injunction under the UCL"); *Tommy Alastra Prods. v McDonaugh,* 2025 US Dist LEXIS 131432, at *8 (CD Cal July 9, 2025, No. 2:25-cv-01257-AB-MBK) ("Though Defendant PA also argues Plaintiff's declaratory relief claim should be dismissed... declaratory relief is a remedy, not a claim.... The court declines to dismiss this 'claim' and instead construes it as a prayer for relief"); *Desser v U.S. Bank, N.A.,* 2014 US Dist LEXIS 119841, at *31-32 (CD Cal Aug. 27, 2014, No. CV 13-09190 DDP (CWx)) ("Plaintiffs' FAC is deficient in that its requests for declaratory and injunctive relief are set out in separate causes of action rather than in the prayer for relief. However, in the interest of expediting this litigation, the court will construe Plaintiffs' demand for such relief as part of the prayer for relief rather than require Plaintiffs to file a second amended complaint solely for this purpose").

      Plaintiff has plausibly and adequately alleged an exception to Eleventh Amendment immunity based on her request for prospective relief.

## III.  THE COMPLAINT STATES CAUSES OF ACTION FOR FIRST AMENDMENT RETALIATION AND CONSPIRACY

      Both of Plaintiff's counts are plausibly pled, with sufficient specificity, to survive a 12(b) motion. "[D]irect evidence of retaliatory intent rarely can be pleaded in a complaint" and therefore "allegation of a chronology of events from which retaliation can be inferred is sufficient to survive dismissal." *Watison v. Carter*, 668 F.3d 1108 (2012). Courts therefore accept general allegations about protected speech as long as they provide adequate notice under Rule 8. In *Boquist v. Courtney*, the 9th Circuit found sufficient allegations where the plaintiff described the general nature of his political statements without requiring detailed transcripts or exact quotations. *Boquist v. Courtney*, 32 F.4th 764 (9th Cir. 2022).

      As this Court has stated: "[t]o recover under § 1983 for such retaliation, a plaintiff must prove: (1) he engaged in constitutionally protected activity; (2) as a result, he was subjected to adverse action by the defendant that would chill a person of ordinary firmness from continuing to engage in the protected activity; and (3) there was a substantial causal relationship between

9   3:25-CV-04716-MMC
PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO DISMISS

the constitutionally protected activity and the adverse action." *Boquist* at 775 (citing *Blair v. Bethel School Dist.*, 608 F.3d 540 (9th Cir. 2010)). Plaintiff makers all these assertions in her Complaint, for example, ¶¶ 25-30 for "constitutionally protected activity"; ¶¶ 31-58 for "adverse action"; and the causal relationship is obvious, given that the disciplinary and Title VI charges pertain directly and unambiguously to the speech.,

Defendants incorrectly argue that Dr. Marya's Complaint only describes two social media threads with any real specificity. In fact, the Complaint identifies a string of Dr. Marya's social media posts between October 7 and October 28, 2023. Compl. ¶ 31. In response to these posts, a colleague harassed Dr. Marya and UCSF Executive Vice Chancellor Catherine Lucey interrogated her. *Id*. The Complaint identifies another one of Dr. Marya's social media posts that went viral. Compl. ¶ 32. In response to this post Dr. Marya received rape and death threats. *Id.* When she notified UCSF leadership about the threats, they failed to take action to protect her. *Id.* The Complaint further identifies a December 13 email to Dr. Lucey and a complaint with Dr. Marya submitted to the UCSF OPHD. Compl. ¶ 37.

Defendants' argument that its actions against Dr. Marya were justified should be raised at trial, not in a motion to dismiss, being of the nature of an affirmative defense. An "affirmative defense is grounds to dismiss [Plaintiff's] claim only if [the] complaint, on its face, 'admits all the ingredients' of the defense." Where "the defendants' affirmative defense is not apparent as a matter of law from the face of the complaint [it] is therefore not grounds for dismissal at the pleading stage." *Boquist v. Courtney, supra, at* 784-785 (9th Cir. 2022) (citing *Durnford v. MusclePharm Corp.*, 907 F.3d at 603 n.8 (9th Cir. 2018). Also see *Jensen v Brown* 134 F.4th 677, 691 (9th Cir. 2025) holding that a professor's allegedly disruptive activities at a school meeting required factual development for a proper *Pickering* balancing to be possible. (Also holding that *Younger* abstention did not apply because Plaintiff sought expungement of records.)

Defendant is in fact asking this Court to resolve disputed fact issues, which would be highly inappropriate on a motion to dismiss, *Romero v Trib. Media Co.*, 2025 US Dist LEXIS 51749, at *11 (ED Cal Mar. 19, 2025, No. 2:24-cv-3143 AC) ("Whether plaintiff's

understanding regarding his medical leave was accurate is a question of disputed fact that is not appropriate for consideration on a motion to dismiss"); *Wooley v Ygrene Energy Fund, Inc.*, 2017 US Dist LEXIS 183677, at *22 (ND Cal Nov. 4, 2017, No. 17-cv-01258-LB) ("The court denies the motion to dismiss. The disputed fact issues are better resolved at summary judgment"); *Abels v JBC Legal Group, P.C.*, 434 F Supp 2d 763, 766 (ND Cal 2006) ("[B]ecause application of both statutes involve issues of disputed fact, a Motion to Dismiss under Rule 12(b)(6) is inappropriate").

Here are some examples of disputed fact issues which render the grant of a motion to dismiss inappropriate. Def's Motion states at p 15 (ECF No. 35 at 20): "Here, the allegations of the Complaint establish that UCSF had weighty and legitimate interests when it disciplined Marya based on concerns about the damaging effects of her January 2024 thread about 'Zionist doctors,' which promoted "'racist' and 'antisemitic' 'conspiracy theor[ies].'" But the Complaint alleges that "...her critique of Zionist political ideology was not a criticism of Judaism or Jews and should not be conflated with any such criticism" (Compl. ¶ 38) and that "Scott Wiener misrepresented Dr. Mary's thread on social media, falsely framing her thread as antisemitic…" (Compl. ¶ 39). Defendants' attempt to dispute these facts of the complaint are even more brazen in light of the recent ruling by the First Circuit Court of Appeals that, as a matter of law, anti-Zionism is not the same as antisemitism, and criticizing the government of Israel is protected political speech. *Stand With US Ctr. for Legal Just. v. Massachusetts Inst. of Tech.*, No. 24-1800, 2025 WL 2962665, at *11-12 (1st Cir. Oct. 21, 2025) ("[w]e therefore reject plaintiff's claimed right to stifle anti-Zionist speech by labeling it inherently antisemitic").

The Defendants assert: "UCSF feared that such statements made Marya's continued affiliation with the University a source of 'possible imminent danger.' Of course, these posts would cause the institution to question her ability to work with medical students and engage with all members of the UCSF community." Motion to Dismiss at 15. But the Complaint says: *"*Wiener again misrepresented Dr. Marya's post on his social media, publicly accusing her of wrongdoing…." Compl. ¶ 50. And: "Strong language aside, none of her posts targeted

criticism at Judaism or Jewish people. Indeed, her posts make clear that her criticisms are directed at the policies, actions, and political ideologies of the Israeli government, and are not grounded in any antipathy toward Jewish people or their religious beliefs." Compl. ¶ 30. Furthermore, in an outrageous contradiction of well settled First Amendment jurisprudence, Defendants appear to argue here that a "heckler's veto" would be sufficient to justify their illegal suppression of Dr. Marya's protected speech. As the Ninth Circuit has held: "A prototypical heckler's veto case is one in which the government silences particular speech or a particular speaker due to an anticipated disorderly or violent reaction of the audience." *Santa Monica Nativity Scenes Comm. v. City of Santa Monica*, 784 F.3d 1286, 1293 (9th Cir. 2015).

   Defendants also err in their motion to dismiss when they argue Dr. Marya has failed to state a claim for conspiracy under 42 U.S.C. § 1985, because Dr. Marya "has not pleaded a § 1983 claim." Motion to Dismiss at 16. The Complaint pleads two causes of action, and both causes of action expressly name "42 U.S.C. § 1983" in the title – the second in conjunction with § 1985 for conspiracy. Compl. ¶¶ 61-74. 9

   Likewise, Defendants incorrectly argue that Dr. Marya only pleads "a conclusory allegation" of conspiracy. Motion to Dismiss at 17. Defendants cite the standard in *Bell Atlantic Corp. v. Twombly* that "parallel conduct does not suggest conspiracy." Motion to Dismiss at 17 (citing *Twombly*, 550 U.S. 544 (2007) at 556-57). However, the complaint in *Twombly* described parallel commercial conduct that could be explained by the ordinary course of doing business. In contrast, Dr. Marya's complaint goes well beyond describing "parallel conduct" by providing detailed accounts of both plausible and actual coordination at specific points in time between multiple USCF officials and outside actors to illegally retaliate against Dr. Marya for her First Amendment protected speech. Compl. ¶¶ 39-42 (describing the "coordinated online attack" between California State Senator Scott Wiener, Canary Mission, and UCSF officials in January 2024); ¶ 43 (describing a third party's expression of concern about "the coordinated attack and harassment being waged against Dr. Marya by UCSF and outside actors"); ¶¶ 50-51 (describing additional coordination between UCSF and Wiener); ¶ 52 (describing a possible agreement between USCF and "someone with whom they were

coordinate outside of UCSF" to illegally divulge confidential information to the media); ¶ 56 (further describing the "coordinated campaign of harassment against Dr. Marya"). The Complaint additionally sets out in detail the disparate treatment of anti-Palestinian, anti-Arab, and Islamophobic speech, further demonstrating the unreasonable and unjustified actions taken by UCSF against Dr. Marya. Compl. ¶¶ 59-60. Accordingly, Dr. Marya's complaint alleges facts "that are 'suggestive' of an agreement to engage in 'illegal conduct.'" *Soo Park v. Thompson*, 851 F.3d 910, 928 (9th Cir. 2017) (quoting *Twombly* 550 U.S. at 564 n.8). As noted by the 9th Circuit in *Soo Park*, "[t]he *Twombly* plausibility standard … does not prevent a plaintiff from pleading facts alleged upon information and belief where the facts are peculiarly within the possession and control of the defendant or where the belief is based on factual information that makes the inference of culpability plausible." *Soo Park* 851 F.3d at 928 (quoting *Arista Records, LLC v. Doe 3*, 604 F.93d 110, 120 (2d Cir. 2010). At minimum, Dr. Marya has provided more than "enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement," and thus sufficiently states a claim for conspiracy to violate her rights under § 1985. *Twombly* 550 U.S. at 556.

## IV.  CONCLUSION

The Motion to Dismiss should be denied. In the alternative, the Court should grant Plaintiff leave to amend the Complaint to cure any deficiencies.

DATED: November 24, 2025        KLEIMAN / RAJARAM

                                By: /s/ Mark Kleiman
                                    Mark Kleiman

DATED: November 24, 2025        By: /s/ Jonathan D. Wallace
                                    Jonathan D. Wallace  (NY SBN 1733537)
                                    *pro hac vice admission forthcoming*

DATED: November 24, 2025        By: /s/ Wade McMullen
                                    Wade McMullen (NY SBN 5308747)
                                    *pro hac vice admission forthcoming*

                                Attorney for Plaintiff
                                RUPA MARYA, M.D.