IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUPA MARYA, M.D.,<br><br>Plaintiff,<br><br>v.<br><br>BOARD OF REGENTS OF UNIVERSITY OF CALIFORNIA, et al.,<br><br>Defendants. | Case No. 25-cv-04716-MMC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DISMISSING COMPLAINT WITH LEAVE TO AMEND; VACATING FEBRUARY 6, 2026, HEARING** |

Before the Court is defendants'[1] Motion to Dismiss, filed October 10, 2025, by which motion defendants seek to dismiss plaintiff Rupa Marya, M.D.'s Complaint, wherein plaintiff, a former professor at UCSF, alleges defendants retaliated against her after she made public comments regarding Gaza. Plaintiff has filed opposition to the instant motion, and defendants have a reply thereto. Having read and considered the papers filed in support of and in opposition to the motion, the Court finds the matter appropriate for determination on the parties' respective written submissions, VACATES the hearing scheduled for February 6, 2026, and rules as follows:

1. For the reasons stated by defendants (see Defs.' Mot. at 6:19-7:7), to the extent plaintiff's 42 U.S.C. § 1983 claim is brought against the Regents, the claim is subject to dismissal. Specifically, "arms of the State" cannot be sued under § 1983. See Will v.

---

[1] Defendants are the Board of Regents of the University of California ("the Regents") and the following six individuals: Sam Hawgood, Chancellor of the University of California, San Francisco ("UCSF"), Catherine Lucey, Executive Vice-Chancellor of USCF, Robert Wachter, Executive Vice-Chancellor of the Department of Medicine at UCSF, Tracy Tsugawa, Associate Vice-Chancellor of UCSF, Brian Alldredge, Vice Provost for Academic Affairs at UCSF, and Won Ha, Vice-Chancellor of Communications at UCSF.

1   Michigan Dep't of State Police, 491 U.S. 58, 64, 70 (1989); see also Armstrong v.
2   Meyers, 964 F.2d 948, 949-50 (9th Cir. 1992) (holding "[t]he Regents, a corporation
3   created by the California constitution, is an arm of the state" and "therefore is not a
4   'person' within the meaning of section 1983").

5       2.  For the reasons stated by defendants (see Defs.' Mot. at 6:19-23), to the extent
6   plaintiff's § 1983 claim seeks damages against the individually-named defendants in their
7   respective official capacities, the claim is subject to dismissal.  Specifically, such a claim
8   is "no different from a suit against the State itself."  See Will, 491 U.S. at 71.

9       3.  For the reasons stated by defendants (see Defs.' Mot. at 7:8-10:3), to the
10  extent plaintiff's § 1983 claim seeks injunctive relief against the individually-named
11  defendants in either their respective official or personal capacities, the claim is subject to
12  dismissal.  Specifically, plaintiff has failed to allege facts to establish she has standing to
13  seek injunctive relief, as she ceased working for the Regents prior to the filing of the
14  instant action (see Grote Decl. ¶ 21) and has failed to plead facts to support a finding that
15  any defendant, in the future, will engage in conduct that can be characterized as
16  retaliatory.  See City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983) (holding injunctive
17  relief "is unavailable absent a…showing of any real or immediate threat that the plaintiff
18  will be wronged again" by defendants).

19      4.  For the reasons stated by defendants (see Def.'s Mot. at 17:18-18:25), to the
20  extent plaintiff's § 1983 claim seeks damages against the individually-named defendants
21  in their personal capacities, the claim is subject to dismissal.  Specifically, the Complaint
22  fails to include facts sufficient to support a finding that any such defendant engaged in
23  harassment or any other type of retaliatory action against plaintiff.  See Jones v. Williams,
24  297 F.3d 930, 934, 935 (9th Cir. 2002) (holding "for a person acting under color of state
25  law to be liable under section 1983, there must be a showing of personal participation in
26  the alleged rights deprivation"; rejecting argument that defendant who "had no role in the
27  unlawful conduct" can be held liable "if the conduct was the result of a 'team effort'")
28  (internal quotation and citation omitted)

5. For the reasons stated by defendants (see Defs.' Mot. at 17:1-10), plaintiff fails to state a cognizable conspiracy claim against the named defendants, or any of them, under 42 U.S.C. § 1985.[2]  Specifically, said claim is based on conclusory allegations (see Compl. ¶¶ 70-72), rather than factual allegations.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (holding "conclusory statements" do not state cognizable claim; further holding "[courts] are not bound to accept as true a legal conclusion couched as a factual allegation") (internal quotation and citation omitted).

## CONCLUSION

For the reasons stated above, defendants' motion to dismiss is hereby GRANTED, and the Complaint is hereby DISMISSED with leave to amend.  Should plaintiff wish to amend for purposes of curing the deficiencies above and, if she desires, to add additional allegations to otherwise support her claims, she shall file her First Amended Complaint no later than February 9, 2026.

**IT IS SO ORDERED.**

Dated: January 12, 2026

MAXINE M. CHESNEY
United States District Judge

---

[2] To the extent plaintiff also alleges a conspiracy under § 1983, said claim is, as discussed above, subject to dismissal.