THOMAS B. HARVEY (SBN 287198)
tbhlegal@proton.me
LAW OFFICES OF THOMAS B. HARVEY
365 E. Avenida de Los Arboles, #226
Thousand Oaks, California 91360
Telephone: (805) 768-4440

Attorney for Amici Curiae
Faisal Chaudhry, Mohammad Fadel, and Ramsi A. Woodcock

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| RUPA MARYA, M.D.,<br><br>Plaintiff,<br><br>v.<br><br>BOARD OF REGENTS OF THE UNIVERSITY OF CALIFORNIA; SAM HAWGOOD; CATHERINE LUCEY; ROBERT WACHTER; TRACEY TSUGAWA; BRIAN ALLDREDGE; WON HA; and DOES 1–20,<br><br>Defendants. | Case No. 3:25-cv-04716-MMC<br><br>**ADMINISTRATIVE MOTION OF LAW PROFESSORS FAISAL CHAUDHRY, MOHAMMAD FADEL, AND RAMSI A. WOODCOCK FOR LEAVE TO FILE BRIEF AS AMICI CURIAE** |

**MOTION FOR LEAVE**

Under Civil Local Rule 7-11, law professors Faisal Chaudhry, Mohammad Fadel, and Ramsi A. Woodcock respectfully move for leave to file the brief attached as Exhibit A as amici curiae in opposition to Defendants' Motion to Dismiss Second Amended Complaint (Dkt. No. 77). The motion is set for hearing on October 30, 2026.

This Court has "broad discretion" to permit participation by amici curiae. *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995). "District courts frequently welcome amicus briefs from nonparties concerning legal issues that have potential ramifications beyond the parties directly involved

or if the amicus has 'unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.'" *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005) (quoting *Cobell v. Norton*, 246 F. Supp. 2d 59, 62 (D.D.C. 2003)) (internal quotation marks omitted). Amici need not be neutral: "[t]here is no rule that amici must be totally disinterested." *Funbus Sys., Inc. v. Cal. Pub. Utils. Comm'n*, 801 F.2d 1120, 1125 (9th Cir. 1986) (citing *Hoptowit*, 682 F.2d at 1260). Amici who "take a legal position and present legal arguments in support of it" play "a perfectly permissible role for an amicus." *Id.* The "classic role of amicus curiae" includes "supplementing the efforts of counsel, and drawing the court's attention to law that escaped consideration." *Miller-Wohl Co. v. Comm'r of Labor & Indus.*, 694 F.2d 203, 204 (9th Cir. 1982). And "an amicus who makes a strong but responsible presentation in support of a party can truly serve as the court's friend." *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 131 (3d Cir. 2002) (Alito, J., as single judge).

Amici are law professors who hold, and express in their teaching, scholarship, or public commentary, views supportive of Palestinian rights and critical of the State of Israel and of Zionism. Professors Chaudhry and Woodcock teach at American public universities and are subject to their disciplinary procedures. Professor Fadel teaches in Canada, but he was educated and has taught at American universities and is invited from time to time to lecture at them, and all three write scholarship in dialogue with the work of American colleagues. Ex. A at 1–2. Amici have an interest in the rules that determine whether a professor disciplined by a public university for protected speech may obtain review in federal court under 42 U.S.C. § 1983, or must instead first pursue university grievance procedures and state mandamus proceedings. The motion to dismiss presents that question: defendants contend that Dr. Marya may not challenge her letter of censure because she did not grieve it under university procedures and then seek a writ of administrative mandate. Dkt. No. 77 at 8:16–12:3. The resolution of that question will affect faculty throughout the University of California system and beyond.

The proposed brief addresses the question the Court identified at the May 22, 2026 hearing: whether a professor who is not required to use a grievance procedure must nonetheless do so before suing. Dkt. No. 73 at 8:23–9:1, 30:20–23. It explains that *Patsy v. Board of Regents*, 457 U.S. 496 (1982), bars an administrative exhaustion requirement for a state university employee's § 1983 claim; that under *Jamgotchian v. Ferraro*, 93 F.4th 1150 (9th Cir. 2024), judicial exhaustion applies only to agency decisions made in a judicial capacity, which a censure imposed without a hearing is not; and that *Flint v. Dennison*, 488 F.3d 816 (9th Cir. 2007), treats an order expunging a university censure as meaningful prospective relief. The brief does not repeat plaintiff's opposition, which does not cite *Patsy* or *Flint*; it addresses only the exhaustion and redressability issues that the motion and opposition already present. Dkt. No. 81 at 2–5. Amici file independently: no party or counsel for a party requested the brief, and plaintiff has not incorporated it.

None of the amici knew of the pending motion or its briefing schedule before October 8, 2026, nine days after plaintiff filed her opposition. Amici began work on the brief on October 11 and retained local counsel. The brief addresses only defendants' exhaustion and redressability arguments, is seven pages long, and will not delay the October 30 hearing. Amici file this motion before defendants' reply is due, so that defendants may respond to the brief in their reply if they wish. As set forth in the accompanying declaration, amici sought a stipulation from the parties on October 12. Plaintiff consents; defendants do not. Amici respectfully request that the Court grant leave and direct the Clerk to file the brief attached as Exhibit A.

Dated: October 12, 2026

Respectfully submitted,

/s/ Thomas B. Harvey
Thomas B. Harvey
LAW OFFICES OF THOMAS B. HARVEY

Attorney for Amici Curiae
Faisal Chaudhry, Mohammad Fadel,
and Ramsi A. Woodcock