BRYAN H. HECKENLIVELY (State Bar No. 279140)
bryan.heckenlively@mto.com
MILES W. UNTERREINER (State Bar No. 347959)
miles.unterreiner@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street Twenty-Seventh Floor
San Francisco, California 94105
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

Attorneys for Defendants The Regents of the University of California, Sam Hawgood, Catherine Lucey, Robert Wachter, Won Ha, and Tracey Tsugawa

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUPA MARYA, M.D.,<br><br>Plaintiff,<br><br>vs.<br><br>BOARD OF REGENTS OF THE UNIVERSITY OF CALIFORNIA; SAM HAWGOOD; CATHERINE LUCEY; ROBERT WACHTER; TRACEY TSUGAWA; BRIAN ALLDREDGE; WON HA; AND DOES 1-20,<br><br>Defendants. | Case No. 3:25-cv-04716-MMC<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Date: October 30, 2026<br>Time: 9:00 a.m.<br>Judge: Hon. Maxine M. Chesney<br>Courtroom: 7 |

# TABLE OF CONTENTS

**Page**


I. INTRODUCTION ........................................ 1

II. ARGUMENT ........................................ 1

A. Marya's Claims Continue to Fail Despite Her New Allegations. ........................................ 1

1. Marya's Challenge to Her Letter of Censure Is Precluded. ........................................ 1

2. Marya Lacks Standing to Challenge the 805 Report. ........................................ 3

3. Marya Does Not Dispute that Her Remaining Claims Fail. ........................................ 6

B. Marya's Claims Against Lucey, Tsugawa, and Ha Fail for Lack of Personal Involvement. ........................................ 6

C. This Court Should Not Give Marya Leave to Amend. ........................................ 7

III. CONCLUSION ........................................ 8

# TABLE OF AUTHORITIES


**Page(s)**

**FEDERAL CASES**

*Davis v. FEC*,
554 U.S. 724 (2008) ....................5, 6

*Doe v. Regents of the Univ. of Cal.*,
891 F.3d 1147 (9th Cir. 2018)....................1, 2

*Gonzalez v. U.S. ICE*,
975 F.3d 788 (9th Cir. 2020)....................5

*Hohlbein v. Hospitality Ventures LLC*,
248 F. App'x 804 (9th Cir 2007)....................5

*Jamgotchian v. Ferraro*,
93 F.4th 1150 (9th Cir. 2024)....................2, 4, 6, 7

*Jones v. Williams*,
297 F.3d 930 (9th Cir. 2002)....................6

*Khan v. Scharfen*,
No. C-08-1679-MMC, 2008 WL 2915347 (N.D. Cal. July 23, 2008)....................3, 4, 6

*Knick v. Township of Scott*,
588 U.S. 180 (2019) ....................2

*Lujan v. Defs. of Wildlife*,
504 U.S. 555 (1992) ....................5

*Lunn v. City of L.A.*,
629 F. Supp. 3d 1007 (C.D. Cal. 2022)....................3, 4, 6

*Miller v. Gammie*,
335 F.3d 889 (9th Cir. 2003) (en banc)....................2

*Northstar Fin. Advisors, Inc. v. Schwab Invs.*,
779 F.3d 1036 (9th Cir. 2015)....................5

*Northstar Fin. Advisors, Inc. v. Schwab Invs.*,
781 F. Supp. 2d 926 (N.D. Cal. 2011) ....................5, 6

*Nunez v. City of Los Angeles*,
147 F.3d 867 (9th Cir. 1998)....................7

*O'Handley v. Weber*,
62 F.4th 1145 (9th Cir. 2023)....................7

*Seagraves v. Wash. State Dep't of Child. Youth & Families*,
182 F.4th 1083 (9th Cir. 2026)....................7

*Spokeo, Inc. v. Robins*,
578 U.S. 330 (2016)....................4

*Winsor v. Sequoia Benefits & Ins. Servs., LLC*,
62 F.4th 517 (9th Cir. 2023)....................4

*Yale v. Clicktale, Inc.*,
No. 20-cv-07575-LB, 2021 WL 4025797 (N.D. Cal. Aug. 24, 2021)....................8

*Zucco Partners, LLC v. Digimarc Corp.*,
552 F.3d 981 (9th Cir 2009)....................8

**STATE CASES**

*Campbell v. Regents of Univ. of Cal.*,
35 Cal. 4th 311 (2005)....................3

*Johnson v. City of Loma Linda*,
24 Cal. 4th 61 (2000)....................1, 2, 3

*Lachtman v. Regents of Univ. of Cal.*,
158 Cal. App. 4th 187 (2007)....................3

*Murray v. Alaska Airlines*,
50 Cal. 4th 860 (2010)....................3

*Schifando v. City of Los Angeles*,
31 Cal. 4th 1074 (2003)....................2

*Terris v. Cnty. of Santa Barbara*,
20 Cal. App. 5th 551 (2018)....................3

**STATE STATUTES**

Cal. Code Civ. Proc. § 1094.5....................1

**FEDERAL RULES**

Fed. R. Civ. P. 15(d)....................5

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

This Court has twice dismissed Plaintiff Rupa Marya's complaint. Marya's opposition to Defendants' motion to dismiss the Second Amended Complaint ("SAC") confirms that the Court should do so for a third time. Marya ignores many of Defendants' arguments. And where she does engage, she has no answer. She cites off-point case law, asks this Court to ignore binding Ninth Circuit precedent, and makes arguments this Court has already rejected at least once before. There is now no doubt that Marya's challenge to her censure letter is precluded, that she otherwise lacks standing, and that she has failed to state a personal capacity claim against several of the individual defendants. For these reasons and those stated below, the Court should dismiss her further amended complaint with prejudice.

## II. ARGUMENT

### A. Marya's Claims Continue to Fail Despite Her New Allegations.

As explained in the motion to dismiss, Marya still fails to state a claim. Her latest complaint adds allegations about the letter of censure and the 805 report, but they do not change the analysis. Her challenge to the letter of censure is still precluded. And she still lacks standing otherwise. Nothing in the opposition helps Marya on either front, and the SAC must be dismissed.

#### 1. Marya's Challenge to Her Letter of Censure Is Precluded.

Under *Doe v. Regents of the University of California*, 891 F.3d 1147 (9th Cir. 2018), Marya's failure to file a petition under § 1094.5 of the California Code of Civil Procedure precludes her from challenging UCSF's decision to censure her. *See* Mot. 8-12. *Doe* specifies that federal courts must "give preclusive effect to a state administrative decision if the California courts would do so." 891 F.3d at 1155. In California, courts give an agency's decision "binding effect" unless a party pursues the "exclusive" judicial remedy for challenging it—a § 1094.5 petition. *Id.* (quoting *Johnson v. City of Loma Linda*, 24 Cal. 4th 61, 69-70 (2000)). Marya does not dispute that she failed to contest her censure via a § 1094.5 petition, and that means she cannot challenge it here.

Marya does not even try to argue that her claim can survive *Doe*. Instead, she argues only

that *Doe* is bad law, insisting that the Ninth Circuit "acknowledged" as much in *Jamgotchian v. Ferraro*, 93 F.4th 1150 (9th Cir. 2024). Dkt. No. 81 ("Opp.") 5. It did not, and *Doe* is binding precedent. *Jamgotchian* observes only that there is a "fair[]" argument that "*Doe*'s reasoning is in substantial tension" with *Knick v. Township of Scott*, 588 U.S. 180 (2019), and the principle that plaintiffs are not required to administratively exhaust § 1983 claims. *Jamgotchian*, 93 F.4th at 1160. The Ninth Circuit expressly noted that it did not need to address the applicability of *Doe*. *Id.*

Even substantial tension would not be enough for this Court to justify disregarding *Doe*. Ninth Circuit precedent is binding unless it is "clearly irreconcilable" with *en banc* or Supreme Court authority. *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc). Marya does not argue that standard is satisfied here—and it is not. *Knick* is not about the intersection of preclusion principles and § 1983. It addresses when a taking occurs under the Just Compensation Clause of the Fifth Amendment of the U.S. Constitution. *See Knick*, 588 U.S. at 196. That distinction would have been important to the *Knick* Court, which distinguished an otherwise on-point case on the basis that "it was not a takings case at all." *Id.* *Doe*, of course, is also "not a takings case at all," and *Knick* did not overrule it.

Marya has previously argued that *Doe* does not apply because UCSF did not hold a hearing regarding the censure, but she does not renew that contention here. And with good reason. As the motion to dismiss explains, the preclusion analysis under *Doe* does not turn on whether UCSF held a hearing. Mot. 9-12. UCSF policy provided robust procedures for challenging the letter of censure, which would have entitled Marya to a hearing. She cannot avoid preclusion on the ground that she decided not to invoke those procedures and exercise her right to a hearing. *See id.*

*Doe* also applies here regardless of whether it was mandatory for Marya to invoke UCSF's internal grievance procedures. When a plaintiff begins to challenge an agency's decision through internal procedures but abandons the process—as Marya did here, *see* Mot. 10—it does not matter whether the plaintiff was required to pursue those internal procedures in the first place. *See Johnson*, 24 Cal. 4th at 71-73 (explaining plaintiff was required to pursue a writ of administrative mandate to challenge administrative decision without deciding whether plaintiff was required to

initiate the administrative process); *see also Schifando v. City of Los Angeles*, 31 Cal. 4th 1074, 1089-90 (2003) (describing this aspect of *Johnson*); *Murray v. Alaska Airlines*, 50 Cal. 4th 860, 865 (2010) (holding preclusion applied even when plaintiff's invocation of "administrative complaint procedure [was] voluntary and optional").[1]

In any event, Marya's failure to develop any argument about either the lack of a hearing or the mandatory nature of UCSF's procedures provides an independent basis for this Court to hold preclusion applies. Because she did not address these issues, Marya has forfeited any contention on either front. *Lunn v. City of L.A.*, 629 F. Supp. 3d 1007, 1014 (C.D. Cal. 2022); *see Khan v. Scharfen*, No. C-08-1679-MMC, 2008 WL 2915347, at *1 (N.D. Cal. July 23, 2008) (granting motion to dismiss because "plaintiff d[id] not contest" Defendants' argument for dismissal).

Marya's remaining arguments about the letter of censure attempt to make the case that she has standing to challenge it, but that is beside the point. Defendants have not challenged her standing to seek withdrawal of the letter. Preclusion provides a separate and independent basis for dismissing that aspect of Marya's claim, whether she has standing or not.

**2. Marya Lacks Standing to Challenge the 805 Report.**

The opposition also confirms that Marya still cannot establish standing to challenge the 805 report. As Defendants have explained, there are two separate and independent reasons Marya lacks standing to seek relief from the 805 report here: first, she has failed to plead that UCSF has the power to withdraw the report, and second, the report was submitted after she filed the original complaint. Mot. 7-8. Marya does not respond to the first argument, and she misreads Ninth Circuit precedent in response to the second.

*First*, Marya has not established that any injury inflicted by the 805 report is redressable.

[1] Regardless, UCSF's procedures are mandatory. When an administrative remedy is provided by statute, it is mandatory, and the policies in the University of California's Academic Personnel Manual are treated as statutes under California law. *See Campbell v. Regents of Univ. of Cal.*, 35 Cal. 4th 311, 321 (2005); *Lachtman v. Regents of Univ. of Cal.*, 158 Cal. App. 4th 187, 198 (2007). That holds true even for policies like APM 140 that are "couched in permissive language." *See Terris v. Cnty. of Santa Barbara*, 20 Cal. App. 5th 551, 559 (2018) (holding administrative remedy was mandatory even though it specified only that the plaintiff "'may' appeal").

An asserted injury is not redressable when the defendant lacks legal authority to provide the relief the plaintiff seeks, and, as Defendants have explained, they have no power to withdraw an 805 report. Mot. 7-8. There are no facts alleged in the SAC that would support a conclusion that Defendants have that power. In her opposition, Marya does not attempt to argue that Defendants can withdraw the 805 report, and she has therefore forfeited any contention to that effect. *Lunn*, 629 F. Supp. 3d at 1014; *see Khan*, 2008 WL 2915347, at *1.

Instead of engaging with Defendants' position, Marya mischaracterizes it. She contends that Defendants argue "that the harm they inflicted on [her] is so extreme and final as not to be redressable," which she says creates a factual dispute this Court cannot resolve on a motion to dismiss. Opp. 4. But the standing problem with the SAC has nothing to do with the extent or permanence of any injury Marya has allegedly suffered from the 805 report. Whatever the scope of Marya's alleged injury, she cannot establish standing because she has not pleaded that this Court has the legal authority to award the remedy she seeks. And that failure to allege facts sufficient to establish redressability creates a legal defect, not a factual dispute. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016); *Winsor v. Sequoia Benefits & Ins. Servs., LLC*, 62 F.4th 517, 525-27 (9th Cir. 2023) (affirming dismissal based on lack of standing, holding that plaintiffs had not alleged that their asserted injuries were redressable).

Marya cannot avoid dismissal by asking this Court to hold an evidentiary hearing. "[A]s the party invoking federal jurisdiction," she "bears the burden of establishing" the elements of standing, including redressability. *Spokeo*, 578 U.S. at 338. Because this "case is at the pleading stage," that means she must "clearly allege facts demonstrating each element." *Id.* (citation omitted). No evidentiary hearing could change the allegations in the SAC. Nor is there reason to think that Marya could make a more robust showing if she had the opportunity to introduce evidence. She would have known when she filed the SAC that Defendants were likely to challenge her standing. Defendants have done so twice before, and this Court expressly granted leave to amend so that Marya could address her "failure to adequately plead . . . standing and particularly redressability." Dkt. No. 73 ("Tr. of Hr'g on Mot. to Dismiss FAC") 31 (May 22,

2026). She thus had every reason to allege any fact that might possibly establish redressability.[2]

*Second*, Marya's challenge to the 805 report also fails because UCSF submitted that report after she filed her original complaint. *See* Mot. 7. Standing is determined based on "the state of things at the time" when the "plaintiff commenced suit." *Gonzalez v. U.S. ICE*, 975 F.3d 788, 803 (9th Cir. 2020) (citation omitted); *see also Davis v. FEC*, 554 U.S. 724, 734 (2008) ("[T]he standing inquiry remains focused on whether the party invoking jurisdiction had the requisite stake in the outcome when the suit was filed."). And because the 805 report post-dated Marya's lawsuit, it cannot establish standing.

*Northstar Financial Advisors, Inc. v. Schwab Investments*, 779 F.3d 1036 (9th Cir. 2015), does not say otherwise. The court did not hold that post-filing events in an amended complaint could establish standing. Instead, it held that a supplemental pleading filed under Federal Rule of Civil Procedure 15(d) could add post-filing allegations, and that the district court did not abuse its discretion in construing the amended complaint as a supplemental one under the "particular circumstance" presented there. *Northstar Fin. Advisors, Inc. v. Schwab Invs.*, 781 F. Supp. 2d 926, 932 (N.D. Cal. 2011); *Northstar*, 779 F.3d at 1048. The plaintiff's prior complaint had been dismissed for lack of standing, and the district court had held in the process that if one of the plaintiff's clients assigned their claim to the plaintiff, and the plaintiff filed an amended complaint, that would "cure th[e] standing deficiency." *Northstar*, 781 F. Supp. 2d at 932. The district court found that "it would be unfair to Plaintiffs to punish them for relying on the Court's specific instructions," and treated the amended complaint as a supplemental pleading. *Id.* *Northstar* thus provides no reason to disregard the ample caselaw—including Supreme Court authority—holding that a plaintiff cannot establish standing by describing post-filing events in an amended complaint. *E.g.*, *Davis*, 554 U.S. at 734; *Gonzalez*, 975 F.3d at 803; *see Lujan v. Defs. of Wildlife*, 504 U.S. 555, 569 n.4 (1992) ("It cannot be that, by later participating in the suit, the State Department and

---

[2] Marya cites *Hohlbein v. Hospitality Ventures LLC*, 248 F. App'x 804, 806 (9th Cir 2007), but that case does not change the analysis. There, the plaintiff introduced sufficient evidence to establish standing at the summary judgment phase, but the court noted that the defendant might defeat that showing at an evidentiary hearing before trial. *Id.* Here, Marya has not even alleged facts to establish standing at the pleading stage.

AID retroactively created a redressability (and hence a jurisdiction) that did not exist at the outset.").[3]

**3. Marya Does Not Dispute that Her Remaining Claims Fail.**

Marya's other requests for relief fail because she has not established she has standing to pursue them. *See Davis*, 554 U.S. at 734 (plaintiff must establish standing "for each form of relief that is sought" (citation modified)). She previously included every one of those other requests in the FAC. This Court found her allegations did not establish standing. Dkt. No. 69 ("Order on Mot. to Dismiss FAC") 1. And Marya has not added anything new in the SAC that would support a different conclusion this time. Aside from Marya's assertions about the letter of censure and the 805 report, which are deficient for the reasons given above, she has not introduced any new allegations that could establish a risk of future injury allowing her to pursue the remedies she demands. Indeed, she does not even respond to Defendants' argument that her other requests for relief fail, *see* Mot. 12-14, forfeiting her ability to seek them, *Lunn*, 629 F. Supp. 3d at 1014; *see Khan*, 2008 WL 2915347, at *1.

**B. Marya's Claims Against Lucey, Tsugawa, and Ha Fail for Lack of Personal Involvement.**

Even if Marya's new allegations allowed some aspects of her case to proceed, they do not save her personal-capacity claims against Defendants Catherine Lucey, Tracey Tsugawa, and Won Ha. To state a claim for relief under § 1983 against a particular defendant in his or her personal capacity, a plaintiff must plead that the individual was personally involved in the alleged constitutional violation. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). With respect to Lucey, Tsugawa, and Ha, Marya has not done so. *See* Mot. 14-16.

Marya responds in part by arguing she has plausibly pleaded that Defendants Sam Hawgood and Robert Wachter were personally involved in the actions alleged in the SAC. *See, e.g.*, Opp. 7 ("Wachter is mentioned 11 times in the SAC."). The Court can disregard those

[3] Marya does not contend that this Court should construe the SAC as a supplemental pleading under the "particular circumstance[s]" of this case. *Northstar*, 781 F. Supp. 2d at 932. Nor is there any basis for doing so.

arguments, because Defendants have not sought dismissal of the claims against Wachter or Hawgood on personal involvement grounds. *See* Mot. 14 n.9.

Otherwise, the opposition identifies only two allegations about the personal involvement of the individual defendants. First, it notes that the SAC alleges that Lucey called Marya on a Saturday to inquire about her social media use. Opp. 6 (citing SAC ¶ 32). Second, it notes that the SAC alleges that Lucey and Ha shared UCSF's January 6, 2026, statement on social media, which denounced the "tired and familiar racist conspiracy theory . . . that 'Zionist' doctors are a threat to Arab, Palestinian, South Asian, Muslim, and Black patients, as well as the US health system." Heckenlively Decl., Exs. C, D, E; *see* Opp. 6-7 (citing SAC ¶ 72). But as Defendants explained in the motion to dismiss, that is not enough to plead personal involvement in a constitutional violation. Mot. 14-16. Neither a tense conversation nor public criticism of Marya's statements amounts to an adverse action under binding Ninth Circuit case law. *See Nunez v. City of Los Angeles*, 147 F.3d 867, 875 (9th Cir. 1998); *O'Handley v. Weber*, 62 F.4th 1145, 1163 (9th Cir. 2023). The opposition does not engage with that authority or attempt to explain how these allegations could be sufficient.

Finally, Marya objects that Defendants cite "inapposite" "summary judgment" decisions that "deal with prisoner actions." Opp. 7. She then proceeds to analyze three cases Defendants did not cite. To the extent she means to argue that a claim cannot be dismissed for failure to plead personal involvement at the motion to dismiss stage, that argument is plainly foreclosed. This Court has already dismissed her claims for failure to plead personal involvement once before. Dkt. No. 50 ("Order on Mot. to Dismiss") ¶ 4. And that decision was consistent with ample Ninth Circuit case law. *See, e.g.*, *Seagraves v. Wash. State Dep't of Child. Youth & Families*, 182 F.4th 1083, 1090 (9th Cir. 2026) (dismissing individual-capacity claims because plaintiffs "failed to allege that any of the Officials were personally involved in their individual accommodation decisions").

**C. This Court Should Not Give Marya Leave to Amend.**

As this Court is well aware, this case has now been through three rounds of briefing regarding the sufficiency of Marya's allegations. All the deficiencies described above have come

up before. Still, Marya had added only threadbare allegations to the SAC. And she develops very little argument in her opposition, repeatedly failing to even respond to Defendants' arguments.[4]

The SAC must be dismissed, and this time Marya should not be given leave to amend. "[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to [her] claims, the district court's discretion to deny leave to amend is particularly broad." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir 2009) (citation omitted); *see also, e.g.*, *Yale v. Clicktale, Inc.*, No. 20-cv-07575-LB, 2021 WL 4025797, at *1 (N.D. Cal. Aug. 24, 2021). Here, Marya has had ample opportunity to refine her theory and cure the deficiencies in her complaint. She has repeatedly failed to deliver.

## III. CONCLUSION

For the foregoing reasons, this Court should grant Defendants' motion to dismiss the SAC with prejudice.

DATED: October 13, 2026

MUNGER, TOLLES & OLSON LLP

By: */s/ Bryan H. Heckenlively*
BRYAN H. HECKENLIVELY
Attorneys for Defendants

[4] The proposed amicus brief submitted by Marya's supporters at the eleventh hour should be disregarded for reasons Defendants will address fully in opposition to the administrative motion. Among other issues, the brief covers no new ground. It restates arguments that Marya has made and that Defendants have fully addressed here and elsewhere.