IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RUPA MARYA, M.D.,

Plaintiff,

v.

BOARD OF REGENTS OF UNIVERSITY OF CALIFORNIA, et al.,

Defendants.

Case No. 25-cv-04716-MMC

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**

Before the Court is defendants'[1] "Motion to Dismiss Second Amended Complaint," filed September 1, 2026. Plaintiff Rupa Marya, M.D. ("Dr. Marya"), has filed opposition, to which defendants have replied. The matter came on regularly for hearing on October 30, 2026. Bryan H. Heckenlively of Munger, Tolles & Olson LLP appeared on behalf of defendants. Jonathan Wallace appeared on behalf of Dr. Marya. The Court having considered the parties' respective written submissions and the arguments of counsel at the hearing, and, for the reasons stated in detail on the record at the hearing, the motion is GRANTED in part and DENIED in part as follows.

**A. Standing**

To the extent Dr. Marya seeks the withdrawal or cancellation of the 805 Report submitted to the Medical Board of California (see Second Amended Complaint ("SAC")

---

[1] Defendants are the Board of Regents of the University of California ("the Regents") and the following five individuals: Sam Hawgood ("Hawgood"), Chancellor of the University of California, San Francisco ("UCSF"), Catherine Lucey ("Lucey"), Executive Vice-Chancellor, Robert Wachter ("Wachter"), Executive Vice-Chancellor of the Department of Medicine, Won Ha ("Ha"), Vice-Chancellor of Communications, and Tracy Tsugawa ("Tsugawa"), Associate Vice-Chancellor.

¶ 66), defendants' motion is GRANTED and the claim is hereby DISMISSED, said report having been submitted after Dr. Marya filed the instant lawsuit. See Gonzalez v. U.S. ICE, 975 F.3d 788, 803 (9th Cir. 2020) (holding courts "assess [plaintiff's] standing for prospective injunctive relief as of the time when [he/she] commenced suit"). The dismissal is, however, without prejudice to the filing of a supplemental complaint. If Dr. Marya elects to file a supplemental complaint, such pleading shall be filed no later than November 24, 2026.

To the extent Dr. Marya's claim is brought against the Regents, defendants' motion is GRANTED and the claim is hereby DISMISSED for the reason that "arms of the State," such as the Regents, are not subject to suit under § 1983. See Michigan Dep't of State Police, 491 U.S. 58, 64, 70 (1989); see also Armstrong v. Meyers, 964 F.2d 948, 949-50 (9th Cir. 1992) (holding "[t]he Regents, a corporation created by the California constitution, is an arm of the state" and "therefore is not a 'person' within the meaning of section 1983").

To the extent Dr. Marya's claim is brought against the individual defendants in their personal capacities, defendants' motion is GRANTED and the claim is hereby DISMISSED for failure to plead redressability, in that the relief sought can only be granted against said defendants in their official capacities, and, given Dr. Marya's acknowledgement at the hearing that the instant action should proceed only against individual defendants Hawgood and Wachter and only in their official capacities,[2] defendants' motion is GRANTED as to defendants Lucey, Ha, and Tsugawa, and all claims against those defendants are hereby DISMISSED.

To the extent Dr. Marya seeks (1) "[a]n order prohibiting the Regents from denying or otherwise infringing upon [p]laintiff's medical staff privileges for her speech touching upon issues of public concern," (2) "[a]n order prohibiting the [d]efendants from

---

[2] The SAC fails to specify whether the individual defendants are being sued in their personal capacities, official capacities, or both.

publishing, distributing, referring to or otherwise disseminating or promoting the Letter of Censure," or (3) "[a]n order directing the [d]efendants to refrain from any further act of retaliation against Dr. Marya for her First Amendment-protected speech" (see Prayer for Relief at 22:18), defendants' motion is GRANTED and the claim is hereby DISMISSED, the SAC containing no factual allegations to support a finding that, in the absence of such relief, she faces a "real or immediate threat" of future injury. See City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983) (holding injunctive relief "is unavailable absent…a showing of any real or immediate threat that the plaintiff will be wronged again").

**B. Claim Preclusion/Issue Preclusion**

To the extent Dr. Marya bases her claim on the placing of a letter of censure in her employee file (see SAC ¶ 64), defendants' motion is hereby DENIED.

First, defendants have failed to show her claim is barred by the doctrine of "judicial exhaustion," i.e., claim preclusion or issue preclusion. See Murray v. Alaska Airlines, 50 Cal. 4th 860, 867 (2010) (explaining "judicial exhaustion" is "a corollary of [collateral estoppel] doctrine"); see also Johnson v. City of Loma Linda, 24 Cal. 4th 61, 70 (2000) (explaining difference between "exhaustion of *judicial* remedies" and "exhaustion of *administrative* remedies" (emphases in original)). In particular, neither claim preclusion nor issue preclusion applies, as defendants have not shown any administrative hearing was conducted with regard to the claimed propriety of the letter of censure or its placement in Dr. Marya's file, i.e., the claim/issue raised in the instant lawsuit. See Alborzi v. Univ. of S. Cal., 55 Cal. App. 5th 155, 175 (2020) (holding "the doctrine of exhaustion of judicial remedies applies where there has been an adjudicatory, quasi-judicial decision").

Second, to the extent defendants point to a case in which the Ninth Circuit appears to have accepted an argument that a plaintiff, such as Dr. Marya, before proceeding in federal court on a § 1983 claim, must first exhaust available state remedies, namely, an administrative hearing and a § 1094.5 petition for a writ of administrative mandamus, see Doe v. Regents of the Univ. of Cal., 891 F.3d 1147, 1155

(9th Cir. 2018), a case subsequently decided by the Supreme Court of the United States appears to hold to the contrary, see Knick v. Twp. of Scott, 588 U.S. 180, 194 (2019) (holding, "[t]he general rule is that plaintiffs may bring constitutional claims under § 1983 without first bringing any sort of state lawsuit, even when state court actions addressing the underlying behavior are available" (internal quotation and citation omitted)); see also Jamgotchian v. Ferraro, 93 F.4th 1150, 1156, 1160 (9th Cir. 2024) (noting Doe, "[i]n seemingly imposing a judicial exhaustion requirement on a § 1983 plaintiff,…appears inconsistent with *Knick* and other authorities"; explaining, "an exhaustion requirement springs an improper 'preclusion trap' for § 1983 plaintiffs" (quoting Knick, 588 U.S. at 185)).

**IT IS SO ORDERED.**

Dated: November 3, 2026

MAXINE M. CHESNEY
United States District Judge